McLaughlin, Judge:
We have examined the record of trial, the assignments of error,[1] and the Government’s response thereto and we conclude that the first assignment of error has merit. We find no merit in the appellant’s remaining assignments. Weiss v. United States, — U.S. -, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994); United States v. Mitchell, 37 M.J. 903 (N.M.C.M.R.) (en banc), petition granted, 38 M.J. 313 (C.M.A.1993).
Among other offenses, the appellant was convicted pursuant to his plea of Specification 2 of Charge I, a period of unauthorized absence from 5 October 1991 to 28 October 1991.[2] Prosecution Exhibit 2 reveals that the appellant was punished through nonjudicial punishment .(NJP) under Article 15, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 815, for this same offense on 8 January 1992. The Officer-in-Charge, Transient Personnel Unit, Naval Station, Long Beach, California was the officer imposing the punishment. The Commanding Officer, Naval Station, Long Beach, California is the convening authority in this case.
There is no indication in this record of trial that the military judge, trial counsel, defense counsel, staff judge advocate, or convening authority knew that this offense (1) was previously punished, and (2) was represented by Prosecution Exhibit 2. There is a footnote in the appellant’s brief that states that the trial defense counsel was unaware that this offense had previously been punished with NJP because he transposed the dates when he reviewed it, thereby concluding that the absence was from “910105 to 910128” instead of the correct “911005 to 911028.”

COURT-MARTIAL AFTER NJP

Article 15(f), UCMJ, provides:
The imposition and enforcement of disciplinary punishment under this article for any act or omission is not a bar to trial by court-martial for a serious crime or offense growing out of the same act or omission, and not properly punishable under this article; but the fact that a disciplinary punishment has been enforced may be shown by the accused upon trial, and when so shown shall be considered in determin *914 ing the measure of punishment to be adjudged in the event of a finding of guilty.
A minor offense is defined in the Manual for Courts-Martial, Part V, ¶ le. In general it is left to the discretion of the commander imposing nonjudicial punishment. Several factors are enumerated, such as age and rank of the offender. “Ordinarily, a minor offense is an offense for which the maximum sentence imposable would not include a dishonorable discharge or confinement for longer than 1 year if tried by general court-martial.” Id. A 5-day unauthorized absence is a minor offense. United States v. Yray, 10 C.M.R. 618,1953 WL 1913 (A.F.B.R.1953). Absent a showing on the record that there was any exercise of discretion in determining that this 23-day absence, not punishable by longer than 1 year of confinement or a dishonorable discharge if tried at a general court-martial, had peculiar circumstances that warranted it being la-belled “not-minor” by a subsequent commander, after having been determined to be minor and punished at NJP by a previous commander, we find that it is minor. The defense counsel might have made a motion to dismiss under Rule for Courts-Martial (R.C.M.) 907(b)(2)(D)(iv), Manual for Courts-Martial, United States, 1984, but did not, and that motion is waived.

MILITARY DUE PROCESS

In determining that court-martialling a service member for a serious offense, even though he has already been punished nonjudicially, does not violate military due process, the U.S. Military Court of Appeals stated: “It does not follow that a servicemember can be twice punished for the same offense or that the fact of a prior nonjudicial punishment can be exploited by the prosecution at a court-martial for the same conduct.” United States v. Pierce, 27 M.J. 367, 369 (C.M.A.1989) (emphasis in original) (footnote omitted). The Court in Pierce then stated:
Thus, in these rare eases, an accused must be given complete credit for any and all nonjudieial punishment suffered____ Furthermore, the nonjudicial punishment may not be used for any purpose at trial, such as impeachment (even of an accused who asserts he had no prior misconduct); to show that an accused has a bad service record; or any other evidentiary purpose.
Id. at 369 (emphasis in original). In United States v. Hall, 36 M.J. 773 (N.M.C.M.R.1992), a guilty-plea case, this Court was faced with the introduction of the record of a nonjudicial punishment for two of the same offenses to which the accused had pled guilty. In that case the military judge, trial counsel, and defense counsel were all aware that the record pertained to previous punishment for offenses that were included in the guilty pleas. The prior offenses were punishable by confinement measured in years and a dishonorable discharge if tried at a general court-martial. This Court ruled that the record of trial established that the defense counsel had joined in submitting this information to the court under Article 15(f), UCMJ. Such is not the case here. Although the defense’s failure to move to dismiss Specification 2 of Charge I is waived, we note that the prior NJP was used “to show the accused had a bad service record.” Pierce at 369.
In describing the scope of Article 66(c), UCMJ, 10 U.S.C. § 866, the U.S. Military Court of Appeals has stated:
A clearer carte blanche to do justice would be difficult to express____ If the Court of Military Review, in the interest of justice, determines that a certain finding or sentence should not be approved — by reason of the receipt of improper testimony or otherwise — -the court need not approve such finding or sentence____
United States v. Claxton, 32 M.J. 159, 162 (C.M.A.1991).
Accordingly, Specification 2 of Charge I is dismissed. In view of the conviction of Specification 2 of Charge I, the credit warranted under Pierce will be applied at least “dollar for dollar.” The other punishments imposed at NJP[3] were suspended and we have no indication they were vacated. *915 Additionally, in view of our dismissal of the specification, we will reassess the sentence under United States v. Peoples, 29 M.J. 426 (C.M.A.1990); United States v. Sales, 22 M.J. 305 (C.M.A.1986). Upon reassessment, we find that this “minor” offense would have no bearing on the ultimate punishment adjudged in view of the seriousness of the remaining charges.
The findings, as modified by this decision, and only so much of the sentence as provides for forfeitures of $500.00 pay per month for 2 months, confinement for 75 days, and a bad-conduct discharge are approved.
Chief Judge LARSON and Senior Judge WELCH concur.

. I. APPELLANT WAS UNDULY PREJUDICED BY HIS PLEA OF GUILTY TO SPECIFICATION 2 OF CHARGE I, AN UNAUTHORIZED ABSENCE OF 23 DAYS, WHERE APPELLANT HAD RECEIVED NONJUDICIAL PUNISHMENT FOR THAT OFFENSE OVER A YEAR EARLIER.
II. TRIAL DEFENSE COUNSEL FAILED TO PROVIDE APPELLANT WITH ADEQUATE REPRESENTATION.
III. THE COURT-MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)
IV. THE COURT-MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)
V. THIS COURT DORS NOT HAVE POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)
VI. THIS COURT HAS NO POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)
VII. THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF NAVY-MARINE CORPS COURT OF MILITARY REVIEW JUDGES’ FITNESS REPORTS VIOLATES APPELLANT’S RIGHT TO AN IMPARTIAL JUDICIAL FORUM. (CITATION OMITTED.)

. We note that the maximum imposable punishment for a 23-day unauthorized absence is confinement for 6 months and forfeiture of two-thirds pay per month for 6 months. Manual for Courts-Martial, United States, 1984, Part IV, ¶ 10e(2)(b).

. The appellant’s NJP included forfeiture of $192.19, restriction for 14 days (suspended), extra duties for 14 days (suspended), reduction to E-l (suspended). The suspensions were for a period of 3 months and we note that at trial the appellant was still an E-2.